IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES JOHNSON                                                                            PLAINTIFF

VS.                                               3:22-CV-00014-BRW

JUDGE CATHERINE DEAN, *ET AL.*                                                 DEFENDANTS

## ORDER

Plaintiff, who is in custody at the Mississippi County Jail, filed a *pro se* complaint under

42 U.S.C. § 1983,[1] and submitted an application for leave to proceed *in forma pauperis*.  Based

on the documentation Plaintiff provided, the request to proceed *in forma pauperis* (Doc. No. 4) is

GRANTED. For the reasons stated below, Defendant Judge Catherine Dean is DISMISSED and

Plaintiff is directed to amend his complaint regarding his claims against Captain Mart.

### I.      *IN FORMA PAUPERIS* APPLICATION

Prisoners who are allowed to file civil actions *in forma pauperis* still must pay a $350.00

filing fee.[2]  If a prisoner cannot afford to pay the filing fee in a lump sum, money is withdrawn

from his prison trust fund account in monthly installments.[3]

Because Plaintiff's calculation sheet indicates that his initial filing fee would be zero

dollars, he will not have an initial payment.  However, Plaintiff's present custodian is directed to

collect, and send to the Clerk of the Court, monthly installments equal to 20% of the preceding

month's income credited to Plaintiff's prison trust account each time the amount in the account

---

[1] Doc. No. 2.

[2] 28 U.S.C. §1915(b)(1).

[3] 28 U.S.C. § 1915(b)(1)-(2).

exceeds $10.00, until the $350 filing fee is fully paid.[4]  All payments should be clearly identified by the name and number assigned to this case.

The Clerk of Court is directed to send a copy of this Order to the Mississippi County Detention Center, 685 N. County Road 599, Luxora, Arkansas 72358

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.[5]  In such cases, a court must summarily dismiss all claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from liability.[6]

Plaintiff alleges that in his on-going Osceloa, Arkansas state court case that the presiding judge is pursing false criminal charges against him and putting him in danger of being exposed to COVID-19. Plaintiff also says that Captain John Mart has framed him on the same criminal charges.  However, Plaintiff has pleaded no specifics.

Where an action complained of was taken by a state court judge when she was serving in her official capacity as a state judge, the doctrine of judicial immunity applies.[7]  Accordingly, Judge Dean is immune from suit.  As for Plaintiff's claims against Captain Mart, at present they are insufficiently pled.   Plaintiff has 30 days from the date of this Order to file an amended complaint stating with particularity his specific claims against Captain Mart.

---

[4]28 U.S.C. § 1915(b)(1)-(2).

[5]28 U.S.C. § 1915A(a).

[6]28 U.S.C. § 1915A(b).

[7]*Pierson v. Ray*, 386 U.S. 547 (1967); *see also Myers v. Vogal*, 960 F.2d 750 (8th Cir. 1992).

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is GRANTED.

Plaintiff's claims against Judge Dean are DISMISSED.

Plaintiff has 30 days to file an amended complaint against Captain Mart.  Plaintiff is advised that failing to comply with this Order can result in the dismissal of this action.[8]  The Clerk of the Court is directed to mail Plaintiff a blank § 1983 form.

IT IS SO ORDERED this 16th day of February, 2022.

Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[8]*See* Local Rule 5.5.